STATE OF NORTH CAROLINA EX REL. UTILITIES COMMISSION; NORTH CAROLINA TEXTILE MANUFACTURERS ASSOCIATION, INC.; THE CITY OF DURHAM; CAROLINA ACTION; KUDZU ALLIANCE; GREAT LAKES CARBON CORPORATION; AND RUFUS L. EDMISTEN, Attorney General v. DUKE POWER COMPANY

No. 8010UC1157

(Filed 5 May 1981)

**Electricity § 3; Utilities Commission §§ 25, 41– rates for electricity – increase in depreciation reserve – fair rate of return**

In this proceeding to determine a power company's rates for retail electric service, the Utilities Commission was correct in reducing the power company's rate base by increasing its depreciation reserve by $3,879,000 due

to the fact that the power company had made similar adjustments to its depreciation and amortization expenses for the test year without making corresponding adjustments to its accumulated depreciation account, and the Commission's determination that 14.1% was a fair rate of return on common equity was fully supported by the record.

APPEAL by applicant in Docket No. E-7, Sub. 289 from an order of North Carolina Utilities Commission dated 7 October 1980. Heard in the Court of Appeals 3 April 1981.

On 29 February 1980, Duke Power Company [hereinafter "Duke"], the appellant herein, filed with the North Carolina Utilities Commission [hereinafter "the Commission"] an application to increase its rates for retail electric service in North Carolina by an average of approximately 9.6%, or $91,600,000. The Commission, by an order dated 21 March 1980, suspended the proposed rate increase, declared the application to be a general rate case and set the matter for public hearings on the basis of a test year consisting of the twelve months ending 31 December 1979.

Public hearings were conducted and on 7 October 1980 the Commission issued its final order which, among other things, disallowed $34,122,000 of the total increase applied for by Duke and allowed $57,450,000 (63%) of such increase. Commissioner Tate dissented from the final order on the ground that there was no evidence to support the Commission's determination as to a fair rate of return on equity.

On 16 November 1980 Duke filed notice of appeal and exceptions.

*Jerry B. Fruitt and Paul L. Lassiter for Public Staff, North Carolina Utilities Commission, appellee.*

*Byrd, Byrd, Ervin, Blanton & Whisnant by Robert B. Byrd for Great Lakes Carbon Corporation, intervenor appellee.*

*Thomas R. Eller, Jr. for North Carolina Textile Manufacturers Association, Inc., intervenor appellee.*

*W.I. Thornton, Jr. for City of Durham, intervenor appellee.*

*W. Travis Payne for Kudzu Alliance, intervenor appellee.*

*Steve C. Griffith, Jr., Edward L. Flippen, Clarence W. Walker, and Stephen K. Rhyne, for the appellant.*

MARTIN (Robert M.), Judge.

On 30 December 1980, Duke filed a motion with this Court for an accelerated hearing on appeal. In that motion Duke cited three reasons in support of its request for an accelerated hearing and decision in this case as follows:

(a) The two issues in this appeal, i.e., rate base and rate of return, are integral components of any and every general rate case.

(b) G.S. §7A-30 provides for appeals of right to the North Carolina Supreme Court from decisions of this Court in general rate cases, and all general rate cases in the last ten years, to the best of counsels' knowledge, have been appealed to the Supreme Court.

(c) Unless the Supreme Court has time to hear and decide the issues in this appeal prior to the time the Commission issues a final order in Duke's next rate case, these important issues may be rendered moot under the doctrine set forth by the Supreme Court in *Utilities Commission v. Southern Bell Telephone & Telegraph Co.*, 289 N.C. 286, 221 S.E. 2d 322 (1976).

This Court, by an order dated 13 January 1981 granted Duke's motion for an accelerated hearing. At oral argument, counsel for Duke again stated: "[w]e are convinced, as we said in our motion, that this case will be appealed to the Supreme Court regardless of what the decision [of this Court] is."

It is reasonably certain that the final disposition of this appeal will be determined by the Supreme Court. We, therefore, will not attempt to recapitulate the evidence or set out a detailed statement of the reasoning that leads us to the conclusion that the order of the Utilities Commission must be affirmed.

With regard to the first question presented in the appellant's brief, in our opinion, the Commission was correct in reducing Duke's rate base by increasing its depreciation reserve by $3,879,000 due to the fact that Duke had made similar adjustments to its depreciation and amortization expenses for the test year without making corresponding adjustments to its accumulated depreciation account. The adjustments did not

contravene N.C. Gen. Stat. § 61-133(b)(1) and (c). Moreover, we believe that without such adjustments, Duke's rates would have been artificially high, thereby allowing it to earn more than a fair rate of return.

With regard to the second question presented in appellant's brief, in our opinion, the Commission's determination that 14.1% is a fair rate of return on common equity is fully supported by the record and was not arbitrary and capricious. In its order, the Commission made findings supported by competent evidence and adequately stated the reasons for its determination that 14.1% should be the rate of return on Duke's common equity.

> Findings of fact by the Commission are conclusive and binding upon the reviewing court when supported by competent, material and substantial evidence in view of the entire record. *Utilities Commission v. Champion Papers, Inc.*, 259 N.C. 449, 130 S.E. 2d 890; *Utilities Commission v. Radio Service, Inc.*, 272 N.C. 591, 158 S.E. 2d 855.

> "The determination is presumed to be valid and is not to be disturbed unless it is made to appear that it is clearly unreasonable and unjust." *In re Department of Archives & History*, 246 N.C. 392, 98 S.E. 2d 487.

*Utilities Comm. v. Petroleum Transportation, Inc.*, 2 N.C. App. 566, 568, 163 S.E. 2d 526, 528 (1968).

For the reasons stated, the order of the Utilities Commission is affirmed.

Affirmed.

Judges WHICHARD and BECTON concur.